UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MAXIMO DELACRUZ, 91-A-5530,

                 Plaintiff,

    v.

FLOYD G. BENNETT, Superintendent at
Elmira Correctional Facility, et al.,

            Defendants.

<u>DECISION & ORDER</u>

03-CV-6455L

---

       The above-captioned matter has been referred to the undersigned for the supervision of pre-trial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. § 636(b)(A) and (B).  (Docket # 18).

       On September 15, 2003, plaintiff, an inmate at the Elmira Correctional Facility, filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, alleging that defendants violated his Eighth and Fourteenth Amendment rights.  (Docket # 1).  According to the complaint, on December 6, 2001, plaintiff was involved in a fight with another inmate at the Elmira Correctional Facility.  Shortly thereafter, the other inmate was placed in the Narcotics Anonymous program, of which plaintiff was already a member.  On January 22, 2002, plaintiff wrote to the Superintendent of the Elmira Correctional Facility to request that the other inmate be removed from the Narcotics Anonymous program in order to avoid future altercations.  The inmate was not removed from the program and, on March 11, 2002, plaintiff was attacked during class by an unidentified assailant.  Plaintiff alleges that by failing to take appropriate action,

defendants were deliberately indifferent to his concerns and maliciously and sadistically failed to provide adequate supervision.

After having commenced this lawsuit, plaintiff sought production of certain documents under Rule 34 of the Federal Rules of Civil Procedure.  On December 28, 2004, plaintiff filed the pending motion to compel discovery of the requested materials, alleging that defendants had failed to respond to the outstanding requests.  (Docket # 28).  Following a status conference with this Court, and at this Court's direction, the parties conferred concerning plaintiff's discovery demands.  (Docket # 32, ¶ 5-6).  Following that discussion, the parties have narrowed their disputes to two:  (1) plaintiff's request that he be provided with a complete, unredacted copy of Section 7 of the Department of Correctional Services "Employee Handbook" (hereinafter "DOCS' Employee Handbook"); and, (2) plaintiff's request that he be provided with duplicates of the photographs of the injuries he allegedly sustained as a result of the incident.  (Docket # 33).  Plaintiff also seeks sanctions under Rule 37 of the Federal Rules of Civil Procedure.

## DISCUSSION

Plaintiff moves to compel an unredacted version of Section 7 of the DOCS' Employee Handbook and exact duplicates of the color photographs depicting his injuries from March 11, 2002.  (Docket # 33 at 3).  The threshold requirement of discoverability under the Federal Rules of Civil Procedure is whether the information sought is "relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1).  To be discoverable, the information "need not be admissible at the trial if the information sought appears reasonably calculated to lead to the

discovery of admissible evidence." *Id*. The relevance standard, therefore, is commonly

recognized as one that is necessarily broad in its scope in order "to encompass any matter that

bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may

be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted).

*See Daval Steel Products, a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1367

(2d Cir. 1991) (parties entitled to discovery of any matter that appears "reasonably calculated to

lead to the discovery of admissible evidence"); *Morse/Diesel, Inc. v. Fidelity and Deposit Co. of

Maryland*, 122 F.R.D. 447, 449 (S.D.N.Y. 1988) (term "reasonably calculated" in Rule 26(b)(1)

means "any possibility that the information sought may be relevant to the subject matter of the

action") (internal quotations omitted).

      Here, plaintiff has been provided with a redacted version of Section 7 of the

DOCS' Employee Handbook regarding the supervision of inmates, but argues that he is entitled

to an unredacted copy. (Docket # 28). Defendants oppose such motion, stating summarily that

the redacted portions are of a "sensitive confidential nature, that, if disclosed, could endanger the

safety and security of the facility." (Docket # 32, ¶ 7). Defendants fail, however, to demonstrate

any specific safety concerns, nor do they explain how the security of the correctional facility will

be compromised through the disclosure of the requested documents. Alternatively, defendants

contest the relevance of the handbook to plaintiff's claims. This Court has reviewed the redacted

materials provided to plaintiff and is simply unable to balance the potential relevance of the

missing portions against the asserted concerns for safety and security. Defendants are therefore

afforded until **August 22, 2005** to provide the Court with an affidavit specifying the safety and

security concerns relating to the disclosure of the redacted portions of Section 7 of the handbook.

Should defendants fail to make any further submission by August 22, 2005, defendants must produce Section 7 in unredacted form by mailing a copy of it to plaintiff by no later than **August 23, 2005**.

Plaintiff also moves to compel duplicate copies of all photographs taken of him following the March 11, 2002 incident.  (Docket # 28, 33).  Defendants indicate that they have provided plaintiff with both black and white and color copies of the photographs.  (Docket # 32, ¶ 9).  Nevertheless, plaintiff complains that the color copies are insufficient because they are not properly focused.  (Docket #33 at 3).

I find that the photographs of plaintiff's injuries are relevant to this matter. Defendants therefore shall provide to plaintiff, by **August 23, 2005**, duplicates of all photographs of plaintiff's alleged injuries.  Should plaintiff remain dissatisfied with the quality of the copies produced, counsel for defendants shall arrange for plaintiff to inspect the original photographs and compare them to the copies produced.

Plaintiff's motion for sanctions is denied.

## CONCLUSION

For the foregoing reasons, it is my Decision and Order that plaintiff's motion to compel (# 28) is **GRANTED IN PART and DENIED IN PART**, and plaintiff's motion for sanctions (# 28) is **DENIED**.

**IT IS SO ORDERED.**

_s/Marian W. Payson_
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
August __2__, 2005.

5