UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MAXIMO DELACRUZ, 91-A-5530,

                Plaintiff,

      v.

FLOYD G. BENNETT, Superintendent at
Elmira Correctional Facility, et al.,

                Defendants.
_____

DECISION & ORDER

03-CV-6455L

        The above-captioned matter has been referred to the undersigned for the supervision of pre-trial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(A) and (B).  (Docket # 18).

        Plaintiff, an inmate at the Elmira Correctional Facility, initiated this lawsuit *pro se* pursuant to 42 U.S.C. § 1983, alleging that defendants violated his Eighth and Fourteenth Amendment rights because they failed to adequately protect him from and were deliberately indifferent to threats against plaintiff from another inmate.  (Docket # 6).

        On December 28, 2004, plaintiff moved to compel an unredacted copy of Section 7 of the Department of Correctional Services "Employee Handbook" (hereinafter "Employee Handbook") and requested that he be provided with duplicates of photographs of the injuries he sustained.  (Docket # 28).  Defendants opposed the motion for disclosure of an unredacted copy of the Employee Handbook, claiming summarily that the redacted portions were irrelevant to

plaintiff's claims and were of a "sensitive confidential nature, that, if disclosed, could endanger the safety and security of the facility." (Docket # 32 at ¶7).

By Decision and Order dated August 2, 2005, this Court granted plaintiff's motion to compel duplicate photographs. That Order also afforded defendants until August 22, 2005, to provide the Court with an affidavit specifying the safety and security concerns relating to the disclosure of the redacted portions of the Employee Handbook. (Docket # 46). Although defendants timely filed the requested affidavit (Docket # 47), the plaintiff's motion was inadvertently terminated without a decision having been rendered by the Court.

By letter received May 11, 2006, plaintiff has requested a ruling on his motion to compel. The following constitutes this Court's decision on that motion.

## DISCUSSION

The threshold requirement of discoverability under the Federal Rules of Civil Procedure is whether the information sought is "relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). To be discoverable, the information "need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. The relevance standard, therefore, is commonly recognized as one that is necessarily broad in its scope in order "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). *See Daval Steel Products, a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991) (parties entitled to discovery of any matter that appears "reasonably calculated to lead to

the discovery of admissible evidence"); *Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Maryland*, 122 F.R.D. 447, 449 (S.D.N.Y. 1988) (term "reasonably calculated" in Rule 26(b)(1) means "any possibility that the information sought may be relevant to the subject matter of the action") (internal quotations omitted).

Here, plaintiff has been provided with a redacted version of Section 7 of the DOCS' Employee Handbook, but argues that he is entitled to an unredacted copy. (Docket # 28). Upon review of plaintiff's moving papers and the opposing affidavit submitted by Edward Bly, a Captain with the New York State Department of Correctional Services, I find that the discovery sought by plaintiff is not relevant to this case. *See* Fed. R. Civ. P. 26(b)(1). As stated above, plaintiff's complaint alleges that defendants failed to adequately protect him from another inmate and were deliberately indifferent to threats made by that inmate. (Docket # 6). The redacted portions of the DOCS' Employee Handbook relate to techniques and procedures utilized by correctional officers during their dealings with inmates that do not appear to be relevant to this case, such as techniques used during an attempted escape or emergency procedure or to recognize contraband and other improper activities. (Docket # 47 at ¶¶ 6-8, 11). These sections of the Employee Handbook simply do not relate to the claims or defenses at issue in this matter.

I further find that defendants have a legitimate security interest in withholding the requested materials. In his affidavit, Captain Bly has affirmed that an inmate with particularized knowledge of the techniques identified in the Employee Handbook would be "better able to thwart and frustrate facility staff who respond to emergency and dangerous situations. Security and emergency responses if known by an inmate could jeopardize the security, safety and good working order of the facility resulting in injury or death to staff and inmates alike." (Docket # 47

3

at ¶ 20).  *See Carter v. Kiernan*, 1999 WL 1043865 (S.D.N.Y. 1999) (denying disclosure of DOCS' employee manual due to security concerns and because the plaintiff failed to demonstrate relevance).  Accordingly, I find that the defendants' strong interests in maintaining inmate safety and prison security outweigh the plaintiff's need for an unredacted copy of the Employee Handbook.

## CONCLUSION

For the foregoing reasons, it is my Decision and Order that plaintiff's motion to compel an unredacted copy of DOCS' Employee Handbook **(Docket # 28)** is **DENIED**.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       May  19 , 2006.